Filed 4/10/15  P. v. Goldberg CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B257232 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA073080) |
| v. | |
| SAMUEL GOLDBERG, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant Samuel Goldberg appeals his judgment of conviction and 14-year sentence for two counts of robbery and one count of attempted robbery.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On November 20, 2014, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider.  Defendant filed a brief in which he requests that this court address the following:  (1) Was there sufficient evidence that he aided and abetted in the commission

---

[*]     ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

of the offenses; and (2) Did the court err in denying his *Romero*[1] motion to strike his prior "strike" conviction.  We have reviewed the record and affirm the judgment.

## BACKGROUND

**A.     Factual Background**

*1.     Prosecution Evidence*

Around midnight on December 14, 2012, defendant who was accompanied by Joe Luis Carranza, pulled his vehicle up beside three men who were standing outside an apartment complex in Studio City.  Carranza, wearing a cap and gloves got out of the vehicle, pointed a semiautomatic handgun at the three men and demanded their wallets.  Two of the victims turned over credit cards, cash, a watch, and a cell phone, while the third victim had his wallet with him but refused to give it to Carranza.  Carranza got back into the vehicle on the passenger side and appellant drove away.  One of the victims recorded the vehicle's license plate number and the police issued a warrant for the vehicle.

Approximately one month later police stopped a vehicle being driven by defendant's mother that matched the description in the warrant.  Defendant was located at the family home and a search of defendant's bedroom uncovered the watch taken from one of the robbery victims.  Defendant was arrested, informed of his *Miranda*[2] rights, and agreed to talk to police investigators.  The audio recording of defendant's statement was admitted into evidence and played for the jury.  Defendant stated that on the night of the robbery he and Carranza drank some beers and drove around.  Carranza asked if defendant wanted to get some money and defendant responded that he did.  Carranza told defendant to stop the car when they saw a group of men standing on the street.  Defendant watched as Carranza put on gloves, pulled out a gun and jumped out of the car.  Defendant saw Carranza rob the men at gunpoint.  After Carranza got back into the

---

[1]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436.

vehicle, defendant drove away. Carranza gave defendant some of the cash taken from the victims and left the watch in the vehicle's center console.

### 2. *Defendant's Evidence*

Defendant did not testify or present any evidence in his defense.

## B. Procedural Background

Following trial, the jury found defendant guilty of two counts of robbery (Pen. Code, § 211),[3] and one count of attempted robbery (§§ 664, 211), with findings that a principal was armed with a handgun in the commission of the offenses (§ 12022, subd. (a)(1)). In a separate proceeding, the jury found to be true allegations that defendant had suffered two prior convictions—one being a "strike"—and had served two prior prison terms. The trial court denied defendant's *Romero* motion and sentenced defendant to 14 years in state prison. Defendant filed a timely notice of appeal.

## DISCUSSION

## I. Sufficiency of the Evidence

Defendant contends that his cooperation with the police following his arrest showed that his "participation in this robbery was not [his] intention." He contends he was not the aggressor and does not "have the heart to take anything by force from anybody." On appeal, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable jury could find the defendant guilty beyond a reasonable doubt. (*People v. Rountree* (2013) 56 Cal.4th 823, 852-853.)

The jury here was instructed that a person may be guilty of a crime by aiding and abetting a perpetrator, and the prosecutor argued this theory to the jury as establishing defendant's guilt. Section 31, which governs aider and abettor liability, provides in relevant part: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid

---

[3]    All further statutory references are to the Penal Code unless otherwise indicated.

3

and abet in its commission . . . are principals in any crime so committed." "An aider and abettor is one who acts 'with knowledge of the criminal purpose of the perpetrator *and* with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense.'" (*People v. Chiu* (2014) 59 Cal.4th 155, 161.)

Ample evidence supported the jury's finding that defendant had foreknowledge of Carranza's criminal purpose and an intent to facilitate commission of the robberies. Defendant and Carranza discussed "getting money" as they drove around together in defendant's vehicle; defendant stopped the vehicle beside three men on the street and watched as Carranza put on gloves and pulled out a gun; defendant watched as Carranza robbed the victims at gunpoint; and defendant quickly drove away when Carranza reentered the vehicle effectuating their escape from the scene of the crime. Defendant also presented no evidence that his participation in the crimes was under circumstances of duress or coercion, and his cooperation with the police investigation following his arrest is unrelated to his culpability as an aider and abettor.

## II. The Trial Court Properly Exercised Its Discretion in Denying Defendant's Motion to Dismiss His Prior Strike

In ruling on a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review the trial court's decision of whether to strike a prior conviction under the abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) Dismissal of a strike is a departure from the sentencing norm. Accordingly, in reviewing a ruling on a *Romero* motion, we will not reverse for abuse of discretion unless the defendant shows that the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at p. 377.) Reversal is justified where

4

the trial court was unaware of its discretion to strike a prior strike or refused to do so, at least in part, for impermissible reasons. (*Id.* at p. 378.) But we will affirm "'[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law . . . .'" (*Ibid.*, quoting *People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

Here, the record reflects that the trial court indicated that it reviewed the probation report; gave due consideration to the age of the strike prior and the testimony of the victim of that crime; reviewed defendant's criminal history; and considered counsels' arguments. The court concluded that the "totality of [the circumstances]" showed that defendant was not "outside the spirit of the three strikes law."

The record supports this conclusion. There is no showing that the trial court was either unaware of its discretion or considered impermissible factors. We cannot say that its ruling was irrational or arbitrary. Thus, we conclude the trial court did not abuse its discretion in declining to strike defendant's prior strike conviction.

## III.    Review

In addition to reviewing and addressing the matters raised in defendant's letter brief, we have made an independent examination of the entire record to determine if there are any other arguable issues on appeal. Based on that review, we have determined that there are no other arguable issues on appeal. We are therefore satisfied that defendant's counsel has fully complied with her responsibilities under *Wende*, *supra*, 25 Cal.3d. 436.

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.